KITCHEN

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | **FILED UNDER SEAL** |
| ) | |
| **Plaintiff,** ) | **CR. NO. 2:14-cr-20171 SHM** |
| ) | |
| **vs.** ) | **21 U.S.C. § 846** |
| ) | **21 U.S.C. § 841(a)(1)** |
| **MARCUS BROWN,** ) | **18 U.S.C. § 201(b)(1)** |
| a/k/a "Flossy," a/k/a "Big Flosser," ) | **18 U.S.C. § 922(g)** |
| **DERRICK HESTER, a/k/a "DJ,"** ) | **18 U.S.C. § 2** |
| **DAVID ODELL ARNOLD,** ) | |
| a/k/a "Junior," a/k/a "Slab Rider," ) | |
| **TOREY VACHEAL JACKSON,** ) | |
| a/k/a "Jack," ) | |
| **JULIUS ANTHONY WEAVER,** ) | |
| a/k/a "Ju," a/k/a "Julius Bledsoe," ) | |
| **BRIAN WALLACE STEWART,** ) | |
| a/k/a "B," ) | |
| **AHMAD OMAR MAJID,** ) | |
| a/k/a "Omar," ) | |
| **JOSEPH BERNARD TAYLOR,** ) | |
| **MARCO DEWAYNE REED,** ) | |
| a/k/a "Ta Dow," ) | |
| **TORAMINE LAVORID McKINNIE,** ) | |
| **WILLIAM NORMAN BASS, III,** ) | |
| a/k/a/ "Trey," a/k/a "Trai," ) | |
| **JACQUES TERELL BLEDSOE,** ) | |
| a/k/a "Buddy," ) | |
| **JOHN IVORY BRIDGES,** ) | |
| **JAVIER LOPEZ CANTU,** ) | |
| a/k/a "The Can," ) | |
| **AMOS TURNER, JR.,** ) | |
| a/k/a "Fame," ) | |
| **JUSTIN ANTHONY CLARK,** ) | |
| a/k/a "J," ) | |
| **LANCE JEROME GASTON,** ) | |
| a/k/a "Lance-Boogie," ) | |
| **JEREMIAH GAMBLE,** ) | |
| a/k/a "Fellow," ) | |
| ) | |
| **Defendants.** ) | |

**THIRD SUPERSEDING INDICTMENT**

**THE GRAND JURY CHARGES:**

## COUNT 1

1.      Beginning at a time unknown to the grand jury, but through at least on or about

August 27, 2014, in the Western District of Tennessee, and elsewhere, the defendants,

**MARCUS BROWN,**
**a/k/a "Flossy," a/k/a "Big Flosser,"**
**DERRICK HESTER,**
**a/k/a "DJ,"**
**DAVID ODELL ARNOLD,**
**a/k/a "Junior," a/k/a "Slab Rider,"**
**TOREY VACHEAL JACKSON,**
**a/k/a "Jack,"**
**JULIUS ANTHONY WEAVER,**
**a/k/a "Ju," a/k/a "Julius Bledsoe,"**
**BRIAN WALLACE STEWART,**
**a/k/a "B,"**
**AHMAD OMAR MAJID,**
**a/k/a "Omar,"**
**JOSEPH BERNARD TAYLOR,**
**MARCO DEWAYNE REED,**
**a/k/a "Ta Dow,"**
**TORAMINE LAVORID McKINNIE,**
**WILLIAM NORMAN BASS, III,**
**a/k/a/ "Trey," a/k/a "Trai,"**
**JACQUES TERELL BLEDSOE,**
**a/k/a "Buddy,"**
**JOHN IVORY BRIDGES**
**JAVIER LOPEZ CANTU,**
**a/k/a "The Can,"**
**AMOS TURNER, JR., a/k/a "Fame"**
**JUSTIN ANTHONY CLARK,**
**a/k/a "J,"**
**LANCE JEROME GASTON,**
**a/k/a "Lance-Boogie,"**
**JEREMIAH GAMBLE,**
**a/k/a "Fellow,"**

did unlawfully, knowingly and intentionally conspire, combine, confederate and agree together

and with other persons both known and unknown to the Grand Jury, to unlawfully, knowingly and

intentionally possess with the intent to distribute and to distribute a mixture and substance

containing a detectable amount of cocaine, a Schedule II controlled substance as classified by

Title 21, United States Code, Section 812.

All in violation of Title 21, United States Code, Section 846.

### Quantity of Cocaine Involved in the Conspiracy

2

2.      With respect to defendant **MARCUS BROWN**, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is not less than 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(A)(i).

3.      With respect to defendant **DERRICK HESTER**, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is not less than 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(A)(i).

4.      With respect to defendant **DAVID ODELL ARNOLD**, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is not less than 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(A)(i).

5.      With respect to defendant **TORYE VACHEAL JACKSON**, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is not less than 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(A)(i).

6.      With respect to defendant **JULIUS ANTHONY WEAVER**, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is not less than 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(A)(i).

7.      With respect to defendant **BRIAN WALLACE STEWART**, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other

conspirators reasonably foreseeable to him, is not less than 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(A)(i).

8.      With respect to defendant **AHMAD OMAR MAJID**, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is not less than 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(C).

9.      With respect to defendant **JOSEPH BERNARD TAYLOR**, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is not less than 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(C).

10.     With respect to defendant **MARCO DEWAYNE REED**, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is not less than 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(C).

10.     With respect to defendant **TORAMINE LAVORID McKINNIE**, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is not less than 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(C).

11.     With respect to defendant **WILLIAM NORMAN BASS, III**, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is less than 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code,

4

Section 841(b)(1)(C).

12.     With respect to defendant **JACQUES TERELL BLEDSOE**, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is less than 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(C).

13.     With respect to defendant **JOHN IVORY BRIDGES**, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is less than 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(C).

14.     With respect to defendant **JAVIER LOPEZ CANTU**, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is not less than 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(A)(i).

15.     With respect to defendant **AMOS TURNER**, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is not less than 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(A)(i).

16.     With respect to defendant **JUSTIN ANTHONY CLARK**, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is less than 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(A)(i).

17.     With respect to defendant **LANCE JEROME GASTON**, the amount involved in the

conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is not less than 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(A)(i).

18.     With respect to defendant **JEREMIAH GAMBLE**, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is less than 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(A)(i).

**COUNT 2**

On or about March 13, 2012, in the Western District of Tennessee, and elsewhere, the defendant,

**WILLIAM NORMAN BASS, III,**
**a/k/a/ "Trey," a/k/a "Trai,"**

did unlawfully, knowingly and intentionally possess with the intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance as classified by Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Section 841(a)(1).

**COUNT 3**

On or about March 13, 2012, in the Western District of Tennessee, and elsewhere, the defendant,

**WILLIAM NORMAN BASS, III,**
**a/k/a/ "Trey," a/k/a "Trai,"**

having been convicted of an offense punishable by imprisonment for a term exceeding one year, did possess in and affecting interstate commerce, a firearm, that is, a .40 caliber Springfield Armory semi-automatic pistol, in violation of Title 18, United States Code, Section 922(g).

**COUNT 4**

On or about March 13, 2012, in the Western District of Tennessee, and elsewhere, the

defendant,

### WILLIAM NORMAN BASS, III,
a/k/a/ "Trey," a/k/a "Trai,"

having been convicted of an offense punishable by imprisonment for a term exceeding one year,

did possess in and affecting interstate commerce, a firearm, that is, a .40 caliber Smith & Wesson

semi-automatic pistol, in violation of Title 18, United States Code, Section 922(g).

### COUNT 5

On or about October 22, 2013, in the Western District of Tennessee, and elsewhere, the

defendant,

### DERRICK HESTER,
a/k/a "DJ"

did unlawfully, knowingly and intentionally possess with the intent to distribute and did distribute a

mixture and substance containing a detectable amount of cocaine, a Schedule II controlled

substance as classified by Title 21, United States Code, Section 812, in violation of Title 21,

United States Code, Section 841(a)(1).

### COUNT 6

On or about November 13, 2013, in the Western District of Tennessee, and elsewhere, the

defendant,

### DERRICK HESTER,
a/k/a "DJ"

did unlawfully, knowingly and intentionally possess with the intent to distribute and did distribute a

mixture and substance containing a detectable amount of cocaine, a Schedule II controlled

substance as classified by Title 21, United States Code, Section 812, in violation of Title 21,

United States Code, Section 841(a)(1).

### COUNT 7

On or about March 12, 2014, in the Western District of Tennessee, and elsewhere, the

defendants,

7

**DAVID ODELL ARNOLD,**
**a/k/a "Junior," a/k/a "Slab Rider,"**
**and**
**TORAMINE LAVORID McKINNIE**

each aided and abetted by the other, did unlawfully, knowingly and intentionally possess with the intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance as classified by Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT 8

On or about May 4, 2014, in the Western District of Tennessee, and elsewhere, the defendants,

**JOSEPH BERNARD TAYLOR,**
**and**
**MARCO DEWAYNE REED,**
**a/k/a "Ta Dow"**

each aided and abetted by the other, did unlawfully, knowingly and intentionally possess with the intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance as classified by Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT 9

On or about May 4, 2014, in the Western District of Tennessee, and elsewhere, the defendant,

**JOSEPH BERNARD TAYLOR,**

did unlawfully and corruptly give, offer and promise a thing of value, that is: Thirty-one Thousand, Five Hundred, and Ninety Dollars ($31,590) to MM, a Task Force Officer and public official acting for and on behalf of the Drug Enforcement Administration, an agency of the United States, with intent to induce MM to do and omit to do an act in violation of his duty; that is, to not arrest Joseph Bernard Taylor and Marco Reed, a/k/a "Ta Dow;" when MM found Joseph Bernard Taylor and

8

Marco Reed, a/k/a "Ta Dow," in possession of cocaine and drug proceeds, all in violation of Title 18, United States Code, Section 201(b)(1).

## COUNT 10

On or about September 5, 2014, in the Western District of Tennessee, and elsewhere, the defendant,

### JAVIER LOPEZ CANTU,
### a/k/a "The Can"

did unlawfully, knowingly and intentionally possess with the intent to distribute and did distribute more than 5 kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance as classified by Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT 11

From in or about October 2013 through on or about August 2014, in the Western District of Tennessee and elsewhere, the defendant:

### DERRICK HESTER,
### a/k/a "DJ"

did knowingly combine, conspire, and agree with other persons known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18 United States Code, Section 1956, that is, to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, drug trafficking in violation of Title 21 U.S.C. 841(a)(1) and 846, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

All in violation of Title 18 United States Code, Section 1956(h).

## COUNT 12

From in or about January 2010 through in or about December 2013, in the Western District of Tennessee and elsewhere, the defendant,

**DAVID ODELL ARNOLD,**
**a/k/a "Junior," a/k/a "Slab Rider"**

knowingly conducted and attempted to conduct one or more financial transactions affecting interstate commerce, that is, approximately 68 mortgage payments to Nationstar Mortgage totaling approximately $60,728.00 for a residence located at 68 Pamela Cove, Memphis, Tennessee, which involved the proceeds of specified unlawful activity, that is, drug trafficking in violation of Title 21, U.S.C. 841(a)(1) and 846, with the intent to promote the carrying on of such specified unlawful activity, and while conducting and attempting to conduct such financial transactions knew the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 2.

## FORFEITURE ALLEGATIONS

1.      The allegations contained in Counts 1, 2, 5, 6, 7, 8 and 10-12 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853 and Title 18, United States Code, Section 982.

2.      Pursuant to Title 21, United States Code, Section 853, and Title 18, United States Code, Section 982 upon conviction of an offense in violation of Title 21, United States Code, Section 846 and/or Title 18, United States Code, Section 1956, the defendants,

**MARCUS BROWN,**
**a/k/a "Flossy," a/k/a "Big Flosser,"**
**DERRICK HESTER,**
**a/k/a "DJ,"**
**DAVID ODELL ARNOLD,**
**a/k/a "Junior," a/k/a "Slab Rider,"**
**TOREY VACHEAL JACKSON,**
**a/k/a "Jack,"**
**JULIUS ANTHONY WEAVER,**
**a/k/a "Ju," a/k/a "Julius Bledsoe,"**
**BRIAN WALLACE STEWART,**
**a/k/a "B,"**

10

**AHMAD OMAR MAJID,**
a/k/a "Omar,"
**JOSEPH BERNARD TAYLOR,**
**MARCO DEWAYNE REED,**
a/k/a "Ta Dow,"
**TORAMINE LAVORID McKINNIE,**
**WILLIAM NORMAN BASS, III,**
a/k/a/ "Trey," a/k/a "Trai,"
**JACQUES TERELL BLEDSOE,**
a/k/a "Buddy,"
**JOHN IVORY BRIDGES,**
**JAVIER LOPEZ CANTU,**
a/k/a "The Can,"
**AMOS TURNER, JR.,**
a/k/a "Fame"
**JUSTIN ANTHONY CLARK,**
a/k/a "J,"
**LANCE JEROME GASTON,**
a/k/a "Lance-Boogie,"
**JEREMIAH GAMBLE,**
a/k/a "Fellow,"

shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses charged in Counts 1,2,5,6,7,8 and 10, and any property involved in the offenses charged in Counts 11 and 12. The property to be forfeited includes, but is not limited to, the following:

a.    **Money Judgment**:

1) A sum of money representing the aggregate of the proceeds realized as a result of the violations alleged in Count 1, 2, 4, 5, and 6 of this Indictment; that is, at least one million dollars ($1,000,000.00) in U.S. funds, for which the defendants are jointly and severally liable;

2) A sum of money representing the aggregate of the property involved in the violation charged in Count 11 of this indictment; that is, at least two hundred thousand dollars ($200,000.00);

3) A sum of money representing the aggregate of the property involved in the violation charged in Count 11 of this indictment; that is, at least sixty thousand seven hundr3ed twenty-eight dollars ($60,728.00)

b.    **Currency as follows**:

1) Thirty-one thousand five hundred ninety dollars ($31,590.00) in U.S. currency seized from Joseph Taylor on May 4, 2014;

2) Five thousand one hundred seventy dollars ($5,170.00) in U.S. currency

seized from 4853 Windsong Cove, Olive Branch, Mississippi, on September 3, 2014;

3) Thirty thousand dollars ($30,000.00) in U.S. currency seized from 8105 Fawn Valley Cove, Memphis, Tennessee, on September 3, 2014;

4) One hundred ninety-two thousand two hundred eighty-seven dollars ($192,287.00) in U.S. currency seized from 7368 Pamela Cove, Olive Branch, Mississippi, on September 3, 2014;

5) Four thousand dollars ($4,000.00) in U.S. currency seized from 5512 Brook Shade Lane, Memphis, Tennessee, on September 3, 2014.

c.    **Real property as follows:**

1) One parcel of property located at 1888 W. Holmes Rd. Memphis, TN 38109 (Shelby County parcel number 082063 00012), with all appurtenances and improvements thereon;

2) One parcel of property located at 7355 Woodshire Rd. Memphis, TN 38125 (Shelby County parcel number 093512 B00032), with all appurtenances and improvements thereon;

3) One parcel of property located at 7511 Par View Cv. Cordova, TN 38016 (Shelby County parcel number D0208E G00008), with all appurtenances and improvements thereon;

4) One parcel of property located at 2874 Lamb Pl. Memphis, TN 38118 (Shelby County parcel number 060174 00023), with all appurtenances and improvements thereon;

5) One parcel of property located at 1140 Bellewood Cv. Collierville, TN 38017 (Shelby County parcel number C0233J B00012), with all appurtenances and improvements thereon;

6) One parcel of property located at 2466 Lamar Ave. Memphis, TN 38114 (Shelby County parcel number 047061 00046), with all appurtenances and improvements thereon;

7) One parcel of property located at 2434 Lamar Ave. Memphis, TN 38114 (Shelby County parcel number 047061 00049), with all appurtenances and improvements thereon;

8) One parcel of property located at 2448 Lamar Ave. Memphis, TN 38114 (Shelby County parcel number 047061 00089), with all appurtenances and improvements thereon;

9) One parcel of property located at 2444 Lamar Ave. Memphis, TN 38114 (Shelby County parcel number 047061 00090), with all appurtenances and improvements thereon;

10) One parcel of property located at 8105 Fawn Valley Rd. Memphis, TN 38125 (Shelby County parcel number D0242N B00010), with all appurtenances and improvements thereon.

d. **Bank deposits as follows:**

1) All funds on deposit and credited to Bank of America account # 444011850928, in the name of Freedom Investment Group, LLC;

2) All funds on deposit and credited to Bank of America Certificate of Deposit (CD) account # 91000118930615, in the name of Freedom Investment Group, LLC;

3) All funds on deposit and credited to Suntrust Bank account # 1000109845767, in the name of 662 Motorsports;

4) All funds on deposit and credited to Suntrust Bank account # 1000157035808, in the name of Nexx Level Entertainment, LLC.

5) All funds on deposit and credited to Wells Fargo Bank account # 3573382946, in the name of Marissa Garza Cantu, d/b/a Marjae Oil Service.

e. **Vehicles as follows:**

1) One 2007 Mercedes Benz S550, VIN # WDDNG71X37A022333, with all appurtenances and attachments thereon;

2) One 2007 Chevrolet Tahoe, VIN # 1GNFK13097R401842, with all appurtenances and attachments thereon;

3) One 2006 Mercedes Benz CLS500, VIN # WDDDJ75X06A055845, with all appurtenances and attachments thereon;

4) One 2010 Ford Edge, VIN 2FMDK3GC9ABA89463, with all appurtenances and attachments thereon;

5) One 2007 Chevrolet Tahoe, VIN 1GNFK13097R401842, with all appurtenances and attachments thereon;

6) One 2004 Infiniti G35, VIN JNKCV4E9M805557, with all appurtenances and attachments thereon.

7) One 2003 Mercedes Benz, VIN # WBDNG75J23A382590, with all appurtenances and attachments thereon.

3. If any of the property described above, as a result of any act or omission of

the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

13

     d.     has been substantially diminished in value; or

     e.     has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

**A TRUE BILL:**

_____

**F O R E P E R S O N**

**DATED:**_____


_____
**EDWARD L. STANTON III**
**UNITED STATES ATTORNEY**

14